[Cite as *State v. Corbett*, **2013-Ohio-4478.**]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99649**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH E. CORBETT

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Criminal Appeal from th
Cuyahoga County Court of Common Pleas
Case No. CR-565891

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Avenue
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    John D. Kirkland
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellant, Joseph E. Corbett, brings the instant appeal claiming the trial court erred in finding him guilty of attempted failure to notify change of address after his guilty plea to that charge. Appellant also claims the trial court erred in imposing an 18-month prison sentence and that counsel was ineffective for failing to object to certain information discussed at sentencing. After a thorough review of the record and law, we affirm appellant's conviction, but remand for a limited resentencing regarding postrelease control.

## I. Factual and Procedural History

**{¶2}** In 1999, appellant was found guilty of rape of a child under the age of 13. After his prison sentence was served, he was required to abide by certain registration requirements; one of which was to notify the Cuyahoga County Sheriff's Department of any change of address. Appellant left the emergency mens shelter where he had been residing and took up residence on an unused portion of city of Cleveland property near an Animal Protective League facility. Appellant lived in a tent and took care of a few dogs. Appellant kept in contact with his supervising officer from the parole authority, but he failed to report this change of address. On May 18, 2012, the change of address was discovered, and appellant was arrested and indicted on September 21, 2012.

{¶3} Appellant was originally charged with failure to provide notice of change of address in violation of R.C. 2950.05(F)(1), a first-degree felony. However, appellant was classified under the prior version of the sexual offender registration system where failure to register was a third-degree felony.[1]

{¶4} Appellant agreed to plead guilty to attempted failure to provide notice of change of address in violation of R.C. 2950.05(F)(1), a fourth-degree felony. Much of the three sentencing hearings that followed the acceptance of appellant's plea were focused on finding appellant a suitable community-based correctional facility that would accept him. Appellant's counsel was hopeful that a facility in Toledo would accept him and asked the court to order an evaluation to determine if appellant met the parameters for this facility. After this evaluation, it was determined that the facility would not take appellant, and neither would any other community-based correctional facility. The court discussed appellant's lengthy criminal history and the rape conviction that caused appellant to be classified as a sexual offender. The court also discussed an incident where appellant was indicted for felonious assault, but the charges were dismissed. The court decried appellant's current living situation as untenable. The court then imposed the maximum sentence of 18 months of incarceration followed by five years of postrelease control.

{¶5} Appellant now appeals assigning three errors:

---

[1] *See State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341.

I. The trial court erred when it found there was a factual basis under Crim.R. 11 for the crime the appellant pleaded guilty.

II. The appellant failed to receive due process when trial counsel committed ineffective assistance of counsel.

III. The trial court erred when it sentenced appellant to the maximum sentence on a fifth-degree felony that is amenable to community control sanction.

## II. Law and Analysis

### A. Acceptance of Plea

{¶6} The United States Supreme Court has determined that guilty pleas made contemporaneously with protestations of innocence should not be accepted unless the trial court is satisfied that there is a factual basis for the plea. *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), fn. 10. "When taking an *Alford* plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge" demonstrating that the plea cannot seriously be questioned. *State v. Jones*, 8th Dist. Cuyahoga No. 97674, 2012-Ohio-2512, ¶ 5.

{¶7} Here, however, what appellant construes as claims of innocence came only after the court had accepted appellant's plea, moved on to set a date for sentencing, and was entertaining arguments going to bond issues. It was then, regarding bond, that appellant's attorney made statements about a car accident that caused appellant to be hospitalized for a significant period of time. Even if these statements did come at the plea hearing, they do not constitute a claim of innocence. Appellant acknowledged that

he was required to notify the sheriff of any change of address and that he was living in a tent on city property without informing the county sheriff. He was not arrested for residing in a hospital without notifying the sheriff and did not assert that the accident prevented him from providing notice. He admitted that he moved out of the facility registered as his address because people were stealing his belongings and because he had dogs he kept that were not allowed at the facility. He further admitted to taking up a new residence without informing the sheriff. This is a clear factual basis for the plea. While some of these facts did not emerge until the sentencing phase, there was no basis to question appellant's plea at the time it was made and no duty to inquire without some indication during the plea hearing that appellant was claiming innocence. "It is well settled, * * * that *North Carolina v. Alford* will not apply if the protestation of innocence is made after and not contemporaneously with the guilty plea." *State v. Cutlip*, 8th Dist. Cuyahoga No. 72419, 1998 Ohio App. LEXIS 2899, *4 (June 18, 1998). *See also State v. Parham*, 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 34-35.

{¶8} Therefore, the trial court did not err in accepting appellant's guilty plea. Appellant's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶9} Appellant claims he was denied the constitutionally guaranteed assistance of counsel. To establish ineffective assistance of counsel, appellant must show that "(1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense. To warrant reversal, the appellant must

show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2013-Ohio-3813, ¶ 24, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶10} Appellant claims that trial counsel was ineffective for advising him to plead guilty when there was no indication that he acted recklessly in failing to provide notice of change of address. This argument is premised on the belief that it was the injury and hospital stay that resulted in appellant being unable to notify the sheriff about a change of address. As discussed above, there is no indication that appellant was prevented from complying with his statutory duties. Appellant admitted he failed to provide notice of change of address after he left the hospital and his prior registered address to take up residence on city property for some five months. Therefore, trial counsel was not ineffective for recommending appellant plead guilty to a fourth-degree felony charge of attempted failure to notify change of address rather than going to trial.

### C. Imposition of a Prison Sentence

{¶11} Finally, appellant claims that the trial court erred when it imposed an 18-month prison sentence.

{¶12} R.C. 2953.08(A)(1) gives a defendant who receives a maximum sentence the right to appeal such a decision in certain circumstances. In the instant case, this gives appellant the right to appeal his sentence because it was not a mandatory maximum sentence pursuant to R.C. Chapter 2950 et seq., and it was "imposed for only one

offense." R.C. 2953.08(A)(1)(a). Therefore, this court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court" and

> may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶13} First this court must determine if the court's findings under R.C. 2929.13(B) are clearly and convincingly unsupported in the record. R.C. 2953.08(G)(2)(a). *See also State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891.

{¶14} At the time of sentencing, for a nonviolent fourth-degree felony, a trial court was required to impose community control when each provision of former R.C. 2929.13(B)(1)(a)(i)-(iii) was satisfied. Former R.C. 2929.13(B)(1)(a) provided in part,

> if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> (i) [t]he offender previously has not been convicted of or pleaded

guilty to a felony offense or to an offense of violence that is a misdemeanor

and that the offender committed within two years prior to the offense for which sentence is being imposed.

**{¶15}** Appellant was previously convicted of felony offenses (rape and gross sexual imposition) in 1999, for which he was classified as a sexual predator. Also, at the time of his failure to notify offense, he was under community control supervision for a felony conviction in 2010. Therefore, under previous R.C. 2929.13(B)(1)(a), the trial court had discretion to impose a prison sentence for a fourth-degree felony offense.

**{¶16}** Next, under former R.C. 2929.13(B)(1)(b), the trial court could make any one of four determinations to impose a prison sentence. These included,

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) The offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

**{¶17}** Former R.C. 2929.13(B)(1)(b)(iv) gave the court discretion to impose a prison sentence if appropriate community control options were unavailable. Here, that is precisely the case.

**{¶18}** On January 24, 2013, the trial court continued the sentencing hearing to have appellant evaluated to find appropriate community-based facilities that would accept him. At the March 7, 2013 sentencing hearing, all sides acknowledged that no facility would accept him based on his past criminal history and psychological profile. Therefore, the court could impose a prison sentence on appellant, and the findings necessary to impose such a sentence for a nonviolent fourth-degree felony offense are supported in the record.

**{¶19}** Finally, this court must determine whether the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(b). A sentence is not clearly and convincingly contrary to law where the trial court "considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.[2]

**{¶20}** There are no longer any specific findings or reasons a court must give in order to impose maximum sentences. *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 82 ("[T]he trial court is not required to make any findings prior to

---

[2] This court has rejected *Kalish* as a viable framework for felony sentencing review, but until a clearer definition of "contrary to law" is developed, it is informative on this point.

imposing a maximum sentence. The prior version of R.C. 2929.14(C) required the trial court to make certain findings before imposing a maximum term of imprisonment").

{¶21} Therefore, the court's only guide in this case is the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and 2929.12. Those are defined as the need "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state * * * resources." R.C. 2929.11(A). R.C. 2929.12(A) sets forth factors to consider, "including the seriousness of the conduct, the likelihood of recidivism, and 'any other factors that are relevant to achieving those purposes and principles of sentencing.'" *State v. Jones*, 9th Dist. Summit No. 24469, 2010-Ohio-879, ¶ 39, quoting R.C. 2929.12(A).

{¶22} Here, the trial court indicated it considered the purposes and principles of sentencing under these statutes. The court addressed appellant's significant violent criminal history, his negative behavior while in jail awaiting sentencing as reported by the jail authority, and previous sanctions that have not had the desired effect of rehabilitation. In mitigation, the court considered appellant's regular contact with his supervising officer, the accident, and his mental illness.

{¶23} The only aspect of the court's colloquy that can be faulted is the court's consideration of criminal conduct for which appellant was charged but never convicted.[3] The court stated,

---

[3] The state asserted at sentencing that the trial court should not consider

[n]ow, there is also the charge that was brought that we can't ignore even though the case was dismissed. But here there were facts because of the victim not being able to produce, some type of violent act, whether justified or not, took place, which resulted in a felonious assault, an act in which this individual allegedly used a * * * sword to seriously injure someone, who didn't show up. Whether that act was defensible, I have no idea, but these are all factors I can't ignore in deciding what the court's proper course of action is * * *."

{¶24} The consideration of criminal conduct for which no criminal conviction has resulted may constitute error on the part of the trial court in some instances. *See State v. Longo*, 4 Ohio App.3d 136, 141, 446 N.E.2d 1145 (8th Dist.1982). *But see State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 17 (discussion of the ability of the trial court to consider facts and dismissed charges in the indictment when imposing a sentence that resulted from a plea bargain). However, "Ohio law is clear that '[u]nindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.'" *State v. Gray*, 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200, ¶ 13, quoting *State v. Williams*, 8th Dist. Cuyahoga No. 79273, 2002-Ohio-503. *See also State v. Cooper*, 8th Dist. Cuyahoga No. 93308, 2010-Ohio-1983, ¶ 15 ("a defendant's uncharged yet undisputed conduct may be considered in sentencing without resulting in error when it is not the sole basis for the sentence").

---

this conduct in crafting its sentence. The state also disclosed that the charges against appellant relating to this incident were dismissed because the victim could not be located to testify.

**{¶25}** Here, the record does not indicate that an 18-month prison sentence was clearly and convincingly contrary to law. The trial court's consideration of the other factors, as set forth above, provide an adequate basis to conclude that the sentence imposed is not solely based on the unproven conduct and therefore not contrary to law.[4]

**{¶26}** However, one part of appellant's sentence is contrary to law. Although not raised by the parties, the trial court imposed five years of postrelease control sanctions when the appropriate period is discretionary, up to three years. For fourth-degree felony offenses not covered by R.C. 2967.28(B), the appropriate period of postrelease control is discretionary, up to three years. R.C. 2967.28(C). R.C. 2967.28(B)(1) indicates felony sex offenses are subject to five years of postrelease control, but the statute specifically defines "felony sex offense" as "a violation of a section contained in Chapter 2907 of the Revised Code that is a felony." R.C. 2967.28(A)(3). Appellant was convicted of attempted failure to notify a change in address under R.C. 2950.05(F)(1). Therefore, the case must be remanded for the limited purpose of the proper imposition of postrelease control.

### III. Conclusion

**{¶27}** The trial court was not required to inquire into the circumstances of appellant's guilty plea to a charge of attempted failure to notify change of address where claims of innocence were not made contemporaneously with his plea. Trial counsel was

---

[4] However, the trial court should not feel free to consider such naked allegations in the future.

also not constitutionally ineffective for advising appellant to enter a guilty plea because appellant's failure to notify the sheriff of his change of address was not the result of a hospitalization, but was done knowingly when appellant moved from his registered address to a tent set up on city property. Appellant's 18-month sentence for attempted failure to notify change of address is not clearly and convincingly contrary to law. However, the imposition of five years of postrelease control for a fourth-degree felony is contrary to law, and the trial court must hold a limited sentencing hearing to correct this error.

{¶28} Judgment affirmed in part, reversed in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR