[Cite as *State v. Townsend*, 2014-Ohio-924.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99896**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE TOWNSEND

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544910

**BEFORE:** Celebrezze, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 13, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Stephanie Anderson
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Lawrence Townsend, appeals his 18-month sentence for aggravated assault. He claims this maximum sentence is clearly and convincingly contrary to law. After a thorough review of the record and law, this court affirms appellant's sentence.

## I. Factual and Procedural History

{¶2} In 2011, appellant was living in the apartment of his girlfriend, Wycenia Dixon. Dixon also rented a room to Rosa Doss. On September 18, 2011, appellant and Doss were involved in some sort of confrontation, and appellant picked up a hammer and hit Doss several times in the head with it. He was subsequently arrested.

{¶3} Appellant was indicted by the Cuyahoga County Grand Jury on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2). He first entered pleas of not guilty and was referred to the court psychiatric clinic for evaluation. Appellant was found competent to stand trial in a report stipulated to by both sides and adopted by the trial court on November 19, 2012. On March 12, 2013, appellant retracted his former pleas of not guilty and, as part of an agreement with the state, pled guilty to one fourth-degree-felony count of aggravated assault in violation of R.C. 2903.12(A)(2). The trial court accepted appellant's plea after a thorough colloquy. The court then ordered a presentence investigation report and set a sentencing hearing for April 18, 2013.

**{¶4}** At sentencing, the court heard from Doss, Dixon, and appellant. It referenced numerous prior convictions dating back as far as the 1970s. The court indicated its familiarity with appellant after having presided over another of appellant's recent unrelated criminal case. The court imposed an 18-month prison sentence and informed appellant of postrelease control. This appeal followed where one assignment of error is raised: "The trial court committed error when it imposed the maximum sentence on appellant, Lawrence Townsend."

## II. Law and Analysis

**{¶5}** Appellant claims that the trial court erred when it imposed an 18-month maximum prison sentence.

**{¶6}** R.C. 2953.08(A)(1) gives a defendant who receives a maximum sentence the right to appeal such a decision in certain circumstances. In the instant case, appellant has the right to appeal his sentence because it was not a mandatory maximum sentence pursuant to R.C. Chapter 2950 et seq., and it was "imposed for only one offense." R.C. 2953.08(A)(1)(a). Therefore, this court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court" and

> may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶7} This court must determine if the trial court's findings under R.C. 2929.13(B) are clearly and convincingly unsupported in the record. R.C. 2953.08(G)(2)(a). *See also State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.).

{¶8} If a given charge falls under R.C. 2929.13(B)(1)(b), a court has discretion to impose a prison sentence for a fourth- or fifth-degree felony. This subsection as well as R.C. 2929.13(B)(1)(a) excludes from mandatory imposition of community control offenses of violence and certain "qualified offenses." R.C. 2901.01(A)(9) provides that aggravated assault is an offense of violence. A qualified offense, as defined by R.C. 2929.13(K)(2), is a "violation of section 2903.13 of the Revised Code [assault] for which the penalty provision in division (C)(8)(b) [relating to hospital personnel] or (C)(9)(b) [relating to court personnel] of that section applies."

{¶9} Appellant's conviction for aggravated assault under R.C. 2903.12(A)(2) is not a "qualified offense" and does not otherwise meet any of the provisions that would mandate community control. Therefore, appellant's sentence is guided by R.C. 2929.13(B)(2), which provides in part that "in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." Indeed, there are no

longer any specific findings or reasons a court must give in order to impose maximum sentences. *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28.

{¶10} The sentence imposed should fulfill the dual purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The sentence imposed should also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶11} To achieve those purposes, courts are directed by R.C. 2929.12 to consider a non-exhaustive list of factors, including seriousness and recidivism factors, and determine the most effective way to comply with the purposes and principles of sentencing set forth above. *State v. Arnett*, 88 Ohio St.3d 208, 213, 2000-Ohio-302, 724 N.E.2d 793.

{¶12} Appellant asserts in his brief that the trial court did not thoroughly consider R.C. 2929.11 and 2929.12 when imposing sentence because he is over 60 years of age and is wheelchair-bound. Appellant complains that the court did not explain why the sentence imposed was the minimum sanction that the court determined would accomplish those purposes without imposing an unnecessary burden on the state or local government resources. However, there is no requirement that the court state reasons in order to demonstrate compliance with R.C. 2929.11 and 2929.12. *State v. Corbett*, 8th Dist.

Cuyahoga No. 99649, 2013-Ohio-4478. These statutes are not fact-finding statutes like R.C. 2929.14, which requires the court to make specific findings in order to impose a certain penalty. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17. We are only concerned with whether the trial court considered these statutes when imposing sentence.

{¶13} Here, the trial court made several statements regarding appellant's long criminal history with numerous serious convictions dating back to the 1970s. The court stated that appellant was a career criminal who needed to be separated from society for the protection of its members. Appellant asserts that he is practically no danger to the community. His victim, Ms. Doss, would disagree, as evidenced by the several blows to the head she suffered from the hammer wielded by appellant.

{¶14} During the sentencing hearing, the trial court heard statements from the victim, appellant, and Dixon. The court went further than necessary to understand the case, appellant's culpability, and the facts surrounding the assault. The court then reviewed appellant's significant criminal history contained within the presentence investigation report. The court also heard statements regarding appellant's medical history, including medical conditions, illicit drug use, and psychiatric medications prescribed and noncompliance. The court determined that a sentence of 18 months was appropriate. The sentence imposed by the trial court in this case is within the statutory range and is not clearly and convincingly contrary to law. In fact, the record supports the

trial court's consideration of the purposes and principles of felony sentencing as outlined by R.C. 2929.11 and 2929.12. Appellant's sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR