[Cite as *State v. Johnson*, 2014-Ohio-3722.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100719**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDDIE LEE JOHNSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576361-A

**BEFORE:** Kilbane, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Jennifer L. O'Malley
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Eddie Lee Johnson, appeals from his guilty pleas to aggravated assault and domestic violence. Having reviewed the record and controlling case law, we affirm.

{¶2} On July 16, 2013, the defendant was arrested following an altercation with his sister, during which her weapon discharged and struck her in the arm. On July 29, 2013, the defendant was indicted pursuant to a six-count indictment. Counts 1 through 4 charged him with aggravated burglary, kidnapping, and two counts of felonious assault, all with one- and three-year firearm specifications, notice of prior conviction (a 1990 conviction for involuntary manslaughter), and repeat violent offender specifications. Count 5 charged him with domestic violence, and Count 6 charged him with having a weapon while under disability, with one- and three-year firearm specifications.

{¶3} The defendant initially pled not guilty to the charges, but subsequently entered into a plea agreement. At the plea hearing on October 15, 2013, the court advised the defendant of potential penalties and also notified him that no one could make any promises as to the sentence the court might impose. The defendant acknowledged that he understood and pled guilty to one count of the lesser offense of aggravated assault, in violation of R.C. 2903.12(A)(1), and one count of domestic violence, in violation of R.C. 2919.25. The remaining charges and specifications were nolled. The trial court referred the matter for a presentence investigation and set a sentencing hearing for November 15, 2013.

{¶4} At the sentencing hearing, the court noted that the presentence investigation report determined that the defendant would be a good candidate for community-control sanctions. The court observed that the defendant's version of events differed from the facts described in the police report. The court then addressed defendant's sister in open court.

{¶5} The sister maintained that she and the defendant had been arguing, and she grabbed her gun from a nearby bag. She put her hand on the trigger then tripped, causing the weapon to discharge and injure her arm. The trial court questioned her as to a 911 call in which the caller stated that her brother shot her in the arm following an argument. She maintained that she did not make this call, and that it was placed by the defendant's girlfriend. The sister did acknowledge, however, that in a statement to police she wrote, "defendant's action was deliberate, and it was not an accident." She insisted that she made this statement after the police threatened to arrest her if her version of events did not match the events described in the 911 call. Ultimately, she told the court that she and the defendant were involved in a "tussle" and the gun went off.

{¶6} Following the remarks by defendant's sister, but before sentence was imposed, the defendant moved to withdraw his guilty plea, stating that he took the plea because he understood that he would not be sentenced to imprisonment, and would instead receive one year of probation. After lengthy questioning from the court, the defendant stated that he formed this belief based upon a discussion with a family member outside of court. He also acknowledged that he had been informed of the penalties prior to his plea

and had acknowledged in court, prior to his plea, that no promises had been made to him. At that point, the trial court denied the motion to withdraw his plea and sentenced the defendant to eight months of imprisonment. The defendant again moved to withdraw his guilty plea, which the trial court denied.

{¶7} The defendant now appeals, assigning three errors for our review, which shall be discussed together where appropriate.

### Assignment of Error One

Defendant was denied due process of law and a Sixth Amendment right when the court, in imposing a sentence of imprisonment, made factual findings which were neither alleged in the indictment nor admitted at the time of the plea.

### Assignment of Error Two

Defendant was denied due process of law when the court arbitrarily refused to allow defendant to withdraw his plea after stating it would allow defendant to withdraw his plea.

### Assignment of Error Three

Defendant was denied due process of law when the court imposed a prison sentence without following the statutory mandates for a felony of the fourth degree.

### Sentencing Issues

{¶8} In his first and third assignments of error, the defendant challenges his sentence. A defendant's right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A).

In addition to any other right to appeal and except as provided in division

(D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

* * *

(4) The sentence is contrary to law.

{¶9} A reviewing court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or that] the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶10} Aggravated assault in violation of R.C. 2903.12(A)(1) is a fourth-degree felony. R.C. 2903.12(B); *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶ 8. The basic term for fourth-degree felonies is between six to eighteen months. R.C. 2929.14(A)(4). In accordance with R.C. 2929.13(B)(1)(a), if an offender is convicted of or pleads guilty to a felony of

the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community-control sanction. However, this statute excludes offenses of violence and certain "qualified offenses" from mandatory imposition of community control. R.C. 2901.01(A)(9) provides that aggravated assault is an offense of violence. *Townsend* at ¶ 8. Pursuant to R.C. 2929.13(B)(1)(b), a court has discretion to impose a prison sentence for this offense. *Id.* Therefore,

> [defendant's] sentence is guided by R.C. 2929.13(B)(2), which provides in part that 'in determining whether to impose a prison term as a sanction for a

felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

*Id*. at ¶ 9.

**{¶11}** The defendant's eight-month sentence is within the range for this offense. The defendant complains, however, that the trial court fashioned the sentence based upon prohibited judicial fact-finding. He also complains that the court did not explain why the sentence was appropriate for this offense.

**{¶12}** As to whether impermissible judicial factfinding has occurred, it is well settled that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. *State v. Hominsky*, 8th Dist. Cuyahoga No. 91961, 2009-Ohio-4029, ¶ 16; *State v. Nolan*, 8th Dist. Cuyahoga No. 90646, 2008-Ohio-5595, ¶ 9. Therefore, the decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, prohibiting a judge from making additional fact-finding beyond those determined by a jury or stipulated to by a defendant, in order to impose maximum, consecutive, or more than the minimum sentences, does not prohibit trial courts from considering the factors set forth in R.C. 2929.11, R.C. 2929.12, and "statutes that are specific to the case itself" before imposing sentence. *Id*., quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶13}** As to whether the trial court's findings were sufficient to support the sentence for aggravated assault, this court addressed a similar claim in *Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, and stated:

Appellant complains that the court did not explain why the sentence imposed was the minimum sanction that the court determined would accomplish those purposes without imposing an unnecessary burden on the state or local government resources. However, there is no requirement that the court state reasons in order to demonstrate compliance with R.C. 2929.11 and 2929.12. *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478. These statutes are not fact-finding statutes like R.C. 2929.14[.]

Here, the trial court made several statements regarding appellant's long criminal history with numerous serious convictions dating back to the 1970s. The court stated that appellant was a career criminal who needed to be separated from society for the protection of its members.   * * *

*Id.* at ¶ 12-13.

{¶14} During the sentencing hearing in *Townsend*, the trial court heard statements from the victim, Townsend, and Townsend's girlfriend in order to understand the case and the facts surrounding the assault. The court then reviewed Townsend's significant criminal history contained within the presentence investigation report. The court also heard statements regarding Townsend's medical history, including medical conditions, illicit drug use, and psychiatric medications prescribed and noncompliance. The court determined that a sentence of 18 months was within the statutory range and is not clearly and convincingly contrary to law. In fact, the record supports the trial court's consideration of the purposes and principles of felony sentencing as outlined by R.C. 2929.11 and 2929.12.   *Id.* at ¶ 12-14.

{¶15} We find the reasoning of *Townsend* instructive herein. The sentence imposed by the trial court in this case is within the statutory range and is not clearly and convincingly contrary to law. The record fully demonstrates that the trial court considered the purposes and principles of felony sentencing as outlined by R.C. 2929.11 and 2929.12. The trial court clearly considered defendant's previous record, as well as the nature and circumstances of the offense, and did not engage in impermissible judicial fact-finding.

{¶16} The first and third assignments of error lack merit.

Withdrawal of Plea

{¶17} In his second assignment of error, the defendant challenges the trial court's denial of his presentence and postsentence motions to withdraw his guilty plea.

{¶18} Crim.R. 32.1 provides:

A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶19} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 1. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to sentencing. The "trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id*. at paragraph one of the syllabus. The decision to

grant or deny a motion to withdraw is within the trial court's discretion. *Id*. at paragraph two of the syllabus.

**{¶20}** In *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

**{¶21}** A defendant who moves to withdraw his plea after the imposition of sentence "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A postsentence motion made pursuant to Crim.R. 32.1 is also "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id*. at paragraph two of the syllabus.

{¶22} In this matter, the defendant asked to withdraw the plea both before and after sentence was imposed. The trial court spoke with the defendant at length. The defendant stated that he believed, based upon an out-of-court discussion with his niece, that he would receive a "year of probation." The court had the following discussion with the defendant:

> The Court: I want to clarify that, because if you want to try this case, I'll let you vacate your plea and try it tomorrow.
>
> The Defendant: Yes, sir. Yes, sir.
>
> The Court: I'm not—if that's your wish, I'll let you do that, but there was no promise of any type of plea deal here of any kind of probation.
>
> Do you understand that?
>
> The Defendant: Well, okay, but let me—okay. The impression that I was under is that if I take a—if I take a plea, if I go into court and take a plea, then I would get no jail time.
>
> The Court: Where did you get that impression from?
>
> The Defendant: Okay. My niece told me this. * * *
> The Court: Well, do you remember you and I talking in October, and I said, "There [are] no promises"?
>
> The Defendant: Yes, sir.
>
> The Court: And that I—and that no one can make any promises; that you're looking at prison; that if you go to prison, you got parole issues, and the parole issues would be for a period of up to three years? Do you remember me telling you all of that?
>
> The Defendant: Yes, sir.
>
> The Court: I mean, I asked you if there [were] any promises, and I asked you if there [were] any threats or anything —
>
> The Defendant: Yes, sir.

The Court:   —to force you into pleading.

The Defendant:   Yes, sir.

The Court: You told me no, and that's why I accepted your plea.

So now you're telling me there was a promise or somebody promised you this?

The Defendant:   Well, I was under the – I talked to my niece[.]

* * *

[Defense Counsel]: Well, I don't know what his niece said to him, you know.  It was my hopeful expectation that he would not go to prison.  I know the Court did not say that.

{¶23} We find no abuse of discretion in connection with the trial court's denials of the presentence and postsentence motions to withdraw the guilty plea.  As to the presentence motion to withdraw the guilty plea, we note that the record reveals that the court gave full and fair consideration to the plea withdrawal request.  The court considered the reasons advanced in support of the motion and determined that it was not meritorious because it was based upon the out-of-court representations from defendant's niece.  In addition, the defendant was represented by highly competent counsel, and defendant's claim that he relied upon his niece's out-of-court statements that he would receive probation carries little, if any, weight.  Further, defense counsel acknowledged that the court did not indicate that defendant would not be sentenced to prison. Defendant was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea, and a complete and impartial hearing after he requested to withdraw the guilty plea.

{¶24} As to the postsentence motion to withdraw his guilty plea, the record indicates that parties acknowledged that the trial court had advised the defendant of the possible sentence, and that no promises could be made as to the actual sentence to be imposed. The defendant entered his guilty plea and relied upon extrajudicial statements of his niece as his ground for vacating the sentence. The defendant failed to establish the existence of manifest injustice. The trial court did not abuse its discretion in denying the motions to withdraw the guilty plea.

{¶25} Therefore, the second assignment of error is without merit.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR