[Cite as *State v. Whittington*, 2017-Ohio-613.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals No. L-16-1073

     Appellee                                      Trial Court No. CR0201502843

v.

Gordon Anthony Whittington                  **DECISION AND JUDGMENT**

     Appellant                                     Decided:  February 17, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Christopher S. Clark, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Gordon Whittington, appeals the January 8, 2016 judgment of the
Lucas County Court of Common Pleas imposing a 54-month prison term for robbery in
violation of R.C. 2911.02(A)(3) and (B), a felony of the third degree.  For the reasons
that follow, we affirm.

## Background Facts

{¶ 2} On November 2, 2015, appellant was indicted on one count of aggravated robbery with a firearm specification, and one count of robbery.

{¶ 3} On December 3, 2015, an amended bill of information was filed charging appellant with robbery, in violation of R.C. 2911.02(A)(3) and (B), a felony of the third degree.

{¶ 4} On December 17, 2015, appellant pled guilty, pursuant to *N.C. v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to the robbery. The trial court accepted the plea and set hearing to impose sentence, which was scheduled for January 7, 2016.

{¶ 5} At the January 7, 2016 sentencing hearing, the trial court discussed appellant's extensive criminal record, including 8 felonies and 14 misdemeanors. Appellant was 59 years old and associated with three different social security numbers and identities. The trial court further highlighted the factual basis for accepting appellant's plea.

{¶ 6} The court noted that on October 24, 2015, appellant robbed a gas station and fled the scene. There were surveillance videos and photos, which captured appellant by way of high-definition photography. The identity of appellant was very apparent to the court from the photos.

{¶ 7} Further, appellant was stated to have entered the gas station and threatened employees with what appeared to be a weapon. Appellant allegedly said, "I'll shoot you," while robbing the store of $220. After fleeing, the court stated appellant was

2.

allegedly found shirtless, as described by witnesses, and in possession of $213. Another $7 was found in close enough proximity that the court concluded it was the remaining stolen funds.

{¶ 8} Appellant was sentenced to 54-months incarceration and, upon release, three years mandatory postrelease control. The judgment was journalized January 8, 2016. It is from this judgment appellant now appeals.

### *Anders* **Brief**

{¶ 9} On September 28, 2016, appellant's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted, after thoroughly reviewing the transcript of proceedings and the applicable case law, no meritorious assignments of error could be presented. Counsel did, however, submit two potential assignments of error:

I.) THE TRIAL COURT ERRED IN ACCEPTING A PLEA OF GUILTY FROM APPELLANT AS THE PLEA WAS MADE WITH A LACK OF UNDERSTANDING BY APPELLANT AS TO THE EFFECT THAT THE PLEA WOULD HAVE IN THE COURT'S DETERMINATION OF A SENTENCE.

II.) THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON TERM OF FIFTY-FOUR (54) MONTHS.

3.

{¶ 10} The state also filed a brief, concurring with the conclusion that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw.

{¶ 11} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id*. In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id*. Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id*. If the appellate court determines the argument is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id*.

{¶ 12} Here, appellant's counsel has satisfied the requirements set forth in *Anders*. Appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Consequently, we shall proceed with an examination of the potential assignments of error and the record, to determine if this appeal lacks merit and is frivolous.

4.

**Appellant's Charge**

{¶ 13} R.C. 2911.02(A)(3) states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another."

**Potential Assignment of Error No. I**

{¶ 14} Appellant's counsel first submits review of the plea entered into by appellant. The court must determine if the plea was entered with understanding of its consequences.

{¶ 15} A plea in a criminal case must be made knowingly, intelligently, and voluntarily. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7.

{¶ 16} Crim.R. 11(C) "requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty[.]" *State v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976), paragraph two of syllabus.

{¶ 17} Here, the record reveals the court complied with Crim.R. 11(C) by engaging in colloquy to insure appellant was fully aware of and understood not only the consequences of his plea but also his constitutional rights.

{¶ 18} Specifically, at the plea and sentencing hearings, appellant was questioned regarding his understanding of the nature of the charge, informed with regard to the

maximum penalty of 60 months, and was informed on how he would not be amenable to community control. *See* Crim.R. 11(C)(2)(a).

{¶ 19} Further, the court informed appellant and confirmed his understanding of the effects of the plea with regard to waiver of his right to jury trial, to confront witnesses, to have compulsory process, to no self-incrimination, and to require proof of the crime beyond a reasonable doubt. *See* Crim.R. 11(C)(2)(b) and (c). The trial court questioned appellant numerous times to ensure he maintained his plea. This confirmed appellant was competent and free of coercion. The record thus supports an extensive colloquy occurred and that the plea was entered in knowingly, voluntarily, and intelligently.

{¶ 20} Accordingly, we find no merit in the first potential assignment of error.

### Potential Assignment of Error No. II

{¶ 21} Appellant's counsel submits review of the imposition of a 54-month prison term for robbery, a felony of the third degree. The court must determine if the sentence is within the permissible range and amply supported by factual basis on record.

{¶ 22} "An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. *See also* R.C. 2953.08(G)(2).

6.

{¶ 23} For a felony of the third degree that is a violation R.C. 2911.02, when the offender has previously pled guilty two or more times to violations of R.C. 2911.02, the prison term ranges from 12 to 60 months incarceration. *See* R.C. 2929.14(A)(3)(a).

{¶ 24} Here, appellant's term is not contrary to law because facts on record support a basis for the sentence and, because, appellant pled guilty to the robbery after pleading guilty to two past robberies. The permissible range of incarceration for the robbery is 12 to 60 months. Therefore, the trial court's 54-month sentence was within the permissible range under R.C. 2929.14(A)(3)(a), and is not otherwise contrary to law. The second proposed assignment of error is without merit.

{¶ 25} Last is our examination of the record to determine whether this appeal is frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Review of the record does not reveal any errors which would justify reversal. We find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and granted.

## Conclusion

{¶ 26} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                 _____
                                                              JUDGE

Arlene Singer, J.                

Thomas J. Osowik, J.                 _____
CONCUR.                                                JUDGE

                                                 _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.