[Cite as *State v. Wright*, 2014-Ohio-3321.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100283

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES WRIGHT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART;
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-563796

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 31, 2014

**ATTORNEYS FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**FOR APPELLANT**

Charles Wright, pro se
5327 Northfield Road, Suite 620
Bedford Heights, Ohio 44146


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Aleksandra Chojnacki
          Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Charles Wright ("Wright"), appeals his sentence. We find some merit to the appeal, affirm in part, vacate a portion of the sentence that is contrary to law, and remand the case to the trial court for clarification of its order regarding the imposition of fines, court costs, and assigned counsel fees.

**{¶2}** Wright was charged with two counts of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2). After several pretrials, he pleaded guilty to a single fourth-degree felony count of aggravated assault, in violation of R.C. 2903.12(A)(1). As part of the plea agreement, Wright agreed to pay the victim, Benjamin Tucker ("Tucker"), restitution in the amount of $2,411, which represented the amount of Tucker's medical bills. The court ordered a presentence investigation report prior to sentencing.

**{¶3}** At the sentencing hearing, the state explained that the assault occurred at a bar where Tucker was leasing space from Wright. During an argument, Wright hit Tucker with a broken glass bottle as he was walking down the stairs. Tucker stated at the hearing that Wright had threatened him several times before this incident, and that he sustained lacerations in his arm that required approximately twenty stitches. The state presented photographs of Tucker's injuries, which are part of the record. Wright admitted that he struck Tucker but claimed he was acting in self defense.

**{¶4}** The court sentenced Wright to eight months in prison and ordered Wright to pay Tucker $2,411 in restitution. It also ordered that Wright have no-contact with

Tucker. The trial court judge initially indicated that fines and costs were waived because Wright was indigent. However, in her next breath, she ordered him to pay $500 in costs, $500 in fines, and $800 in assigned counsel fees.[1] The sentencing entry imposes the fines, costs, and assigned counsel fees. This appeal followed.

{¶5} In his sole assignment of error, Wright argues the trial court erroneously imposed a sentence that was not supported by the record. He contends the court erred by imposing a prison sentence, ordering him to pay fines and costs, and for imposing a no-contact order.

{¶6} R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute permits the appellate court to "'increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing'" if we determine that "'the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law.'" *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 13, quoting R.C. 2953.08(G)(2).

**Prison Sentence**

---

[1] This discrepancy suggests perhaps the paragraphs were transposed and that the court ordered fines, costs, and fees before finding Wright indigent. Or it is possible a word was omitted that would have brought sense to these conflicting statements.

{¶7} Wright argues the trial court erroneously imposed a prison term that was not supported by the record. He contends the trial court failed to properly consider the seriousness and recidivism factors listed in R.C. 2929.12 and failed to consider the purposes and principles of sentencing articulated in R.C. 2929.11.

{¶8} R.C. 2929.11 and 2929.12 outline the general purposes and principles to be achieved in felony sentencing. R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(B) requires that, in addition to achieving these goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

{¶9} R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future. *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶ 11, citing *State v. Arnett*, 88 Ohio St.3d 208, 213, 2000-Ohio-302, 724 N.E.2d 793. The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors. R.C. 2929.12(B) and (D).

{¶10} The trial court's journal entry indicates that the court considered "all required factors of the law" and concluded that prison is consistent with the purpose of

R.C. 2929.11. Although there is a mandatory duty to "consider" the statutory factors, the trial court is not required to explain its analysis of those factors in a given case. *Townsend* at ¶ 11-12. The trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18.

{¶11} Nevertheless, the court acknowledged the seriousness of the injury sustained by the victim, which required approximately 20 stitches to his arm. The court also commented that Wright has a criminal record, and failed to cooperate with the probation officer during the presentence investigation. The court stated:

> You have a prior domestic violence marked down to a disorderly conduct. You have a prior domestic violence, which is a prior crime of violence. And now we have a crime of violence here where the victim received approximately 20 stitches on his arm and elbow.
>
> The defendant reported one hour late for his PSI interview, stated he had a haircut, and that's why he was late.
>
> Brought in two cell phones, a Blackberry and an iPhone. They were not turned off and rang throughout the interview. The first time it rang the defendant asked if he could answer his phone. The officer told him he could not. When it rang in the middle of the interview again, he went to answer it, and the officer told him to hang up. This occurred after you were already informed not to answer the phone during the interview.
>
> You began to argue with the officer about common courtesy. * * * The officer informed you it was rude and against probation department policy for cell phones to be on during the interview. * * *
>
> He used offensive language throughout the interview such as nigga and fuck and referred to the victim as a negro and stated he wanted to refer to the victim as quote, the N word.

> Clearly, you have a problem following the rules of organized society. You have a prior crime of violence. This is a crime of violence here. Therefore, the Court does not believe you're a good candidate for community control.

Thus, the record not only shows the court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the relevant seriousness and recidivism factors listed in R.C. 2929.12, but the prison term is supported by the record.

**{¶12}** Wright argues the trial court improperly considered his prior domestic violence charge because it was reduced to disorderly conduct pursuant to a plea agreement. However, "'[u]nindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.'" *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, quoting *State v. Gray*, 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200, ¶ 13. Furthermore, the trial court is permitted to consider the original charge when sentencing. *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007, ¶ 18. When the defendant's conviction results from a plea bargain, the plea bargain "does not preclude the trial court's consideration of the underlying facts" in determining the appropriate sentence to impose. *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001).

**{¶13}** Therefore, the court was authorized to consider the fact that Wright had previously been charged with domestic violence because the charge was not the sole basis for his sentence.

**Costs and Fines**

{¶14} Wright also argues the trial court improperly ordered him to pay court costs, fines, and assigned counsel fees after finding him indigent. He also argues the court's order is ambiguous with respect to fines, costs, and fees because the court ordered them immediately after waiving them due to indigency. We agree this part of Wright's sentence is ambiguous and requires clarification.

{¶15} The court made conflicting statements at the sentencing hearing. First the court stated that it waived costs because it found Wright indigent. Yet, in its next breath, the court ordered him to pay fines, costs, and assigned counsel fees. The court's journal entry orders Wright to pay fines, costs, and fees, which suggests that likely was the court's intention. Nevertheless, due to the court's inconsistent statements at the sentencing hearing, we remand this case to the trial court to clarify its statements with a nunc pro tunc entry.

### No-Contact Order

{¶16} Wright argues the court's order prohibiting him from contacting the victim is invalid because it is a community control sanction, which is incompatible with his prison sentence. The state concedes the no-contact order is invalid. The state asserts the no-contact order is unenforceable because the constitutional concept of separation of powers precludes the court from prescribing the terms of a defendant's imprisonment. Indeed, it is the judiciary's role to sentence the defendant and the executive's role to carry out the punishment. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 71.

**{¶17}** Wright's sole assignment of error is sustained in part and overruled in part.

**{¶18}** Wright's prison sentence is affirmed and the no-contact order is vacated. The case is remanded to the trial court solely to allow the trial court to clarify in a journal entry its July 23, 2013 sentencing entry.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR