[Cite as *State v. Boczek*, 2016-Ohio-5708.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103811

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MATTHEW A. BOCZEK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597591-A

**BEFORE:** Boyle, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 8, 2016

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road
Suite 323
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Erin Stone
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Matthew Boczek, pleaded guilty to single counts of menacing by stalking and telecommunications harassment. The trial court found that the counts did not merge as allied offenses and sentenced Boczek to 15 months in prison on the menacing by stalking count (a fourth-degree felony), and 12 months in prison on the telecommunications harassment count (a fifth-degree felony), ordering them to be served concurrently. Boczek appeals his sentence, raising the following two assignments of error:

> I. The trial court erred to the prejudice of the appellant by not finding that stalking and telecommunications harassment are allied offenses of similar import, and by sentencing him concurrently but separately for each one.
>
> II. The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to a total of fifteen months imprisonment, in that a prison sentence is not necessary to protect the public, and is disproportionate to the seriousness of the offender's conduct.

{¶2} Finding no merit to the appeal, we affirm.

**A. Allied Offenses**

{¶3} In his first assignment of error, Boczek argues that the two counts should have merged as allied offenses. He contends that the two offenses "are very similar" and that "the commission of one results in the commission of the other."

{¶4} An appellate court applies a de novo standard of review when reviewing whether two offenses are allied offenses of similar import. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

**{¶5}**   R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶6}**   When determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance — in other words, did each offense cause separate, identifiable harm? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?  *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. "An affirmative answer to any of the above will permit separate convictions.  The conduct, the animus, and the import must all be considered."  *Id.*

**{¶7}**   "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct."  *Id.* at ¶ 26.  As a result, this analysis "'may result in varying results for the same set of offenses in different cases.'"  *Id.* at ¶ 32, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 52.  When determining whether multiple offenses merge pursuant to R.C. 2941.25, a court must review the entire record.  *State v. Washington*, 137 Ohio St.3d 427,

2013-Ohio-4982, 999 N.E.2d 661, ¶ 24.        Boczek was convicted of menacing by stalking in violation of R.C. 2903.211(A)(1), which provides as follows:

> No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.  In addition to any other basis for the other person's belief that the offender will cause physical harm to the other person or the other person's mental distress, the other person's belief or mental distress may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

{¶8}   The count also carried a furthermore clause, stating that "the offender trespassed on the land or premises where the victim lives, is employed, or attends school."

{¶9} He was also convicted of telecommunications harassment in violation of R.C. 2917.21(A)(3), which provides that

> [n]o person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller * * * [d]uring the telecommunication, violates section 2903.21 of the Revised Code.

{¶10} R.C. 2903.21(A) defines the offense of aggravated menacing and provides as follows:

> No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. In addition to any other basis for the other person's belief that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

**{¶11}** The record reflects that on June 7, 2015, Boczek and the victim were involved in a minor car accident in Cleveland, Ohio. After the exchange of insurance information, Boczek realized that his wallet was missing from his truck and believed that the victim had taken it. Shortly after the accident, the victim received a call from her insurance agent, asking if her phone number and address could be given to Boczek, which she declined. Minutes later, the victim's insurance agent called back, informing the victim that Boczek had threatened the victim, stating that the victim "would get what was coming to her." Based on the insurance agent's advice, the victim contacted the police.

**{¶12}** Thereafter, Boczek began calling the victim's place of employment, harassing and threatening her. In one instance, Boczek sat outside the victim's place of employment and called her. When the victim indicated that she was not at work, Boczek told her that he was outside and could see her car. In a separate instance, Boczek reached the victim's boss, and upon being told to speak with the police about the situation, Boczek indicated that he does not deal with the police, "he deals with problems himself." According to the victim, Boczek repeatedly called her at work, causing her to lose focus and ultimately lose her job.

**{¶13}** Boczek also harassed the victim on Facebook by reaching out to her friends to gather information about the victim's current address and telephone number. Boczek also posted messages to the victim's friends on Facebook, indicating that "he's going to get her." Boczek further located a lewd photograph of the victim on a gossip website and then sent the photograph to the victim's Facebook friends.

**{¶14}** Based on these facts, the trial court found that the two offenses were not allied offenses of similar import. Specifically, the trial court found that Boczek's conduct involved different harm inflicted upon the victim as a result of the different type of conduct supporting each offense, stating the following:

> The Court's finding that the harm as a result of these offenses is separate with each different type of conduct. Stalking somebody in person or calling and harassing them is different. So I don't find that these line up for purposes of allied offenses of similar import.

**{¶15}** We agree. Although there was some overlap of the facts alleged supporting the offenses, the record reveals that Boczek engaged in separate conduct toward the victim with respect to the two counts and that the harm that resulted from each offense is separate and identifiable. The menacing by stalking count arose out of Boczek's specific presence at the victim's employment where he waited outside her building and harassed her after a series of threatening telephone calls, including one to her insurance agent. Separate and apart from that, Boczek telephoned and threatened the victim on other occasions, including telephoning her boss, and sent harassing Facebook messages, causing the victim to believe that he intended to cause serious physical harm to her. Accordingly, applying *Ruff*, we find that Boczek is not entitled to merger of the offenses under R.C. 2941.25.

**{¶16}** The first assignment of error is overruled.

**B. Length of Sentence**

**{¶17}** In his second assignment of error, Boczek argues that the trial court abused its discretion in imposing such a lengthy sentence on the two counts. Boczek

acknowledges that the sentence is "not contrary to law," but argues that "the sentence imposed constitutes an abuse of the court's discretion as it is unreasonable and arbitrary." This argument has no merit.

**{¶18}** In support of his argument for an abuse of discretion, Boczek relies on the test set out by the plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. But contrary to Boczek's claim, in reviewing felony sentences, we no longer use an abuse of discretion standard of review, but apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Tate*, 8th Dist. Cuyahoga No. 97804, 2014-Ohio-5269, ¶ 55; *see also State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23 (reaffirming that appellate courts should apply the standard set forth in R.C. 2953.08 and not an abuse of discretion). Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 23.

**{¶19}** Applying *Marcum*, Boczek's "abuse of discretion" attack of his sentence, which falls within the statutory range, provides no basis for relief under the law. *See State v. Cole*, 8th Dist. Cuyahoga Nos. 103187–103190, 2016-Ohio-2936, ¶ 78 ("apart from any claim that the sentencing judge failed to fulfill a statutorily mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable").

**{¶20}** To the extent Boczek's argument attacks his sentence as not being properly

imposed in accordance with the purposes and principles of the felony sentencing guidelines, we likewise find that this argument has no merit.

**{¶21}** In determining the sentence to impose, a sentencing court is required to consider the purposes and principles of sentencing pursuant to R.C. 2929.11 and 2929.12. Under R.C. 2929.11(A), a felony sentence shall be reasonably calculated to achieve two "overriding purposes": (1) to protect the public from future crimes by the offender, and (2) to punish the offender using the minimum sanctions the court determines will achieve those purposes. Further, under R.C. 2929.11(B), the sentence imposed for a felony must be commensurate with the seriousness of the offender's conduct and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶22}** Under R.C. 2929.12(A), a court sentencing a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute. In exercising its discretion, however, the sentencing court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id.* Although the trial court must consider the purposes and principles of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

**{¶23}** Here, the record overwhelmingly demonstrates that the trial court properly considered the purposes and principles of felony sentencing. During the sentencing

hearing, trial court considered Boczek's extensive criminal history, his presentence investigation report, the arguments of counsel, the victim's statement, Boczek's statement, and the facts supporting the conviction. And although not required, the trial court further detailed its application of R.C. 2929.11 and 2929.12 on the record, stating the following:

> Mr. Boczek, in sentencing you and all others that come before the Court on felony matters I have to comply with the felony sentencing statutes. The overall purpose is to punish the offender and protect the public from future crime by the offender and others using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden upon the state and local government resources.
>
> * * *
>
> In doing my job here, the Court must, and I have, considered the need for incapacitation, deterrence, rehabilitation, and restitution. I have to come up with a sentence that's fair to you, commensurate with, and not demeaning to the seriousness of your conduct, its impact on the victim, and a sentence that is consistent with what others have received with similar offenses.
>
> And at the outset I would note for the record that we frequently have menacing by stalking before this court, usually not the actual criminal charges, but we have civil stalking protection orders in here on an alarming rate. Some of them describe conduct similar to this but never as extreme.
>
> * * *
>
> So in this matter I will note you are on court-supervised release with Ms. Thompson and she said that you reported as instructed. You submitted a negative urine test and followed up with your doctors. So that was a positive development here.
>
> Indicators under the law that your conduct is more serious under 2929.12(B), you effectively hounded the victim from her job, certainly hounded her at her job, and caused her psychological harm. She's lost her sense of well-being.

* * *

Indicators your conduct is less serious under 2929.12(C), you suffer from intermittent explosive disorder. So they're giving you a medication that tends to dull some of that response, I guess is what it does. But it's not — it's not something that can be controlled completely because there are days when you're here in this court and you're very lucid and act appropriately. And there are other days here where you act the opposite. And looking back at everything here you are dangerous. And I'll address that now.

Indicators that you're more likely to reoffend under 2929.12(D), you do have many prior convictions and prior violations for sanctions. You have domestic violence convictions, assault convictions, stalking convictions. It's nine and a half pages of convictions. And this behavior that was directed towards [the victim] is not new.

* * *

So it's been a constant string of offenses, and although there are individuals who have mental illness who we can work with, many of them are successful, there are some who are unsuccessful. And in your instance, I — that's why I said, I find you dangerous.

Now there are positive things I can say for you under 2929.12(E). You did admit to your involvement and apologized. You have a full-time job, and by all accounts you are a very good worker. You're taking your meds. And there are other letters in support. So this is not a matter of you being a good person or a bad person. It's — as with all of us, we're all a blend of something. But your actions make it very difficult to believe that you would be successful in the community.

{¶24} Notably, although Boczek now attempts to minimize the harm suffered by the victim, the victim detailed how Boczek's actions traumatized her, causing her to lose

her job, change her appearance, and seek to relocate. Further, while Boczek maintains on appeal that the trial court should have given more weight to his mitigating evidence, such as his current employment situation, his suffering from mental illness at the time of the offense, and his subsequent remorse for his actions, the trial court is afforded discretion in weighing the factors. *State v. Carrington*, 8th Dist. Cuyahoga No. 100918, 2014-Ohio-4575, ¶ 27 (recognizing that the trial court has the discretion to determine the weight to assign a particular statutory factor). Indeed, as to the consideration of the factors in R.C. 2929.11 and 2929.12, the *Marcum* court noted a reviewing court's duty to defer to the sentencing court and reiterated that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23. And here, we find no basis to conclude by clear and convincing evidence that the record does not support the sentence.

**{¶25}** Thus, given that the trial court's proper consideration of the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the relevant seriousness and recidivism factors listed in R.C. 2929.12, we find no merit to Boczek's second assignment of error and overrule it.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR