[Cite as *State v. Hampton*, 2017-Ohio-7067.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   104629

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARK S. HAMPTON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-603044-A

**BEFORE:**  Boyle, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   August 3, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Owen M. Patton
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Mark S. Hampton, pleaded guilty to a single count of robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. The trial court sentenced Hampton to a total of five years in prison — the maximum sentence that could be given. We granted Hampton leave to file a delayed appeal, and he raises the following assignment of error:

> The record clearly and convincingly fails to support the imposition of a maximum sentence upon the defendant.

{¶2} Finding no merit to the appeal, we affirm.

## I. Standard of Review

{¶3} Our review of felony sentences is governed by R.C. 2953.08. Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Filous*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, ¶ 4, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

## II. Maximum Sentence

{¶4} Hampton argues that the maximum sentence of five years did not advance the two primary purposes of felony sentencing: to protect the public from Hampton and to punish him using minimum sanctions. Hampton also claims that the "record here clearly

and convincingly shows that the trial judge gave no consideration to the [R.C.] 2929.12 factors." Specifically, he claims that the seriousness of his conduct should have been mitigated by his "problems with drug abuse" and that his "law-abiding life for a significant number of years" should have weighed heavily in his favor regarding the recidivism factor. Therefore, Hampton asserts that the "record clearly and convincingly demonstrates that the imposition of a maximum penalty [was] unwarranted."

{¶5} Plaintiff-appellee, state of Ohio, argues that our review of Hampton's five-year sentence should focus "solely on whether his sentence is otherwise contrary to law." The state argues that the five-year sentence is not contrary to law because it is "within the statutory range for a felony of the third degree," and the trial court properly considered the purposes and principles of felony sentencing before it sentenced Hampton to five years of imprisonment.

{¶6} As explained by the Ohio Supreme Court:

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

{¶7} Although the trial court has full discretion to impose any term of imprisonment within the statutory range, it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *Filous,* 8th Dist. Cuyahoga No.

104287, 2016-Ohio-8312, at ¶ 5.   A trial court, however, is not required to make specific findings on the record with respect to its consideration of R.C. 2929.11 and 2929.12. *State v. Boczek*, 8th Dist. Cuyahoga No. 103811, 2016-Ohio-5708, ¶ 22, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381 ("although the trial court must consider the purposes and principles of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors.").

{¶8}   R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes."   R.C. 2929.11(B) requires that, in addition to achieving these goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

{¶9}   R.C. 2929.12 provides a nonexhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future.   *State v. Wright*, 8th Dist. Cuyahoga No. 100283, 2014-Ohio-3321, ¶ 9, citing *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924.   The factors include: (1) a defendant's pattern of drug or alcohol abuse related to the offense, (2) the defendant's prior criminal record, (3) whether the defendant had led a law-abiding life for a significant number of years, and (4) any other relevant factors.   R.C. 2929.12(D) and (E).

**{¶10}** When a defendant pleads guilty to robbery in violation of R.C. 2911.02, a felony of the third degree, and the defendant has pleaded guilty two or more times to robbery in the past, the prison term ranges from 12 to 60 months. *See* R.C. 2929.14(A)(3)(A); *see also State v. Whittington*, 6th Dist. Lucas No. L-16-1073, 2017-Ohio-613 (54-month sentence for robbery in violation of R.C. 2911.02(A)(3) was within the permissible range and not contrary to law because defendant pleaded guilty to robbery after pleading guilty to two past robberies). Here, Hampton pleaded guilty to robbery in violation of R.C. 2911.02(A)(3) after being convicted of two prior robberies. Thus, the five-year prison sentence was within the statutory guidelines.

**{¶11}** And prior to imposing Hampton's sentence, the trial court reviewed his psychological report, the presentence investigation report ("PSI"), and heard from both the state and defense counsel, along with Hampton. The PSI informed the trial court that Hampton had a high recidivism level. It also informed the trial court of Hampton's significant criminal history, which included convictions for assault, theft, receiving stolen property, OVI, and two prior bank robberies. In imposing the maximum five-year prison sentence, the trial court specifically explained:

> The court has considered this information, and I find that, first of all, you are not amenable to community control sanctions. Your history is very bad. Whatever the reason is, drunk or sober, you rob banks. It is extremely dangerous. You put everybody at risk when you walk into a bank and demand money.
>
> There's often armed guards in banks, and it's not uncommon for firearms to be used; although, you didn't use a firearm. I won't hold it against you. That's why it's serious and dangerous. I don't know what it's going to take to get you to stop. Sobriety is what it will take to get you to stop.

In the meantime, you have to be separated from society because you can't seem to stay out of banks and demand money.

The trial court's sentencing entry stated that "the court considered all required factors of the law" when it imposed Hampton's five-year prison sentence.

**{¶12}** We do not find any evidence in the record that the trial court failed to properly consider or apply R.C. 2929.11 and 2929.12 when it imposed the maximum sentence upon Hampton. To the contrary, the record demonstrates that the trial court properly considered a sentence that would protect the public from future harm by Hampton, especially considering his significant criminal history that included two prior bank robberies. And the trial court considered the seriousness of Hampton's crime and his likelihood to commit another offense in the future. Although Hampton claimed to have lived a law-abiding life for several years, the trial court noted that Hampton's criminal activity related to a pattern of alcohol abuse.

**{¶13}** We find that the record clearly supports the trial court's imposition of the maximum five-year prison sentence upon Hampton and that the sentence is not contrary to law. Therefore, we find no merit to Hampton's assignment of error and it is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR