[Cite as *State v. Whitehead*, 2021-Ohio-847.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109599 |
| v. | : | |
| MARTIN M. WHITEHEAD, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** March 18, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639821-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Debora Brewer, Assistant Prosecuting
Attorney, *for appellee.*

Edward F. Borkowski, Jr., *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Martin Whitehead, appeals his sentence. He raises four assignments of error for our review:

1. The trial court erred by sentencing appellant on allied offenses.

2. The record does not clearly and convincingly support the imposition of consecutive sentences.

3. Appellant's sentence is contrary to law because the trial court failed to properly consider and weigh the relevant statutory factors.

4. Appellant's sentence is contrary to law because [the] sentence announced at the sentencing hearing is different than the sentence in the journal entry.

{¶ 2} After review, we find merit in part to Whitehead's first assignment of error and find merit to his fourth assignment of error. We therefore affirm the trial court's judgment in part, reverse it in part, and remand for resentencing.

## I. Procedural History and Factual Background

{¶ 3} Whitehead was indicted on eight counts in May 2019. In January 2020, he pleaded guilty to Counts 1 and 3, rape in violation of R.C. 2907.02(A)(2), first-degree felonies; Counts 2 and 4, gross sexual imposition in violation of R.C. 2907.05(A)(4), third-degree felonies; Counts 5 and 6, kidnapping in violation of R.C. 2905.01(A)(2) and (A)(4), first-degree felonies; Count 7, disseminating matter harmful to juveniles in violation of R.C. 2907.31, a fourth-degree felony; and Count 8, illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a second-degree felony. The rape and kidnapping counts carried repeat violent offender specifications. The kidnapping counts also carried notice of prior conviction specifications, and the kidnapping in Count 6 carried a sexual motivation specification.

{¶ 4} As part of his plea, the parties agreed that the kidnapping counts would merge, but that the sentences for the remaining counts and the repeat violent

offender specifications would not and thus, could be served consecutively. Whitehead further agreed to not have contact with the minor victim or the victim's family.

{¶ 5} At the sentencing hearing, the court spoke to the victim in chambers. The state read a letter from the victim's mother, and the victim's father spoke in court. The state explained that it "laid out" the facts in the sentencing memorandum. The state emphasized that Whitehead was a stranger to the victim and "did one of the worst crimes possible to a young individual." It asked the court to impose a significant amount of prison time.

{¶ 6} According to the state's sentencing memorandum, Whitehead drove up to the 11-year-old victim, who was on a skateboard, grabbed the victim and put the victim in his car. Whitehead drove the victim back to Whitehead's house and took the victim into his bedroom. Whitehead showed the victim pornographic material, digitally penetrated the victim's anus, and performed oral sex on the victim. Appellant then fondled the victim before dropping the victim off at a nearby school parking lot. Whitehead recorded the assault using his cell phone. The victim's parents called the police. That same day, police located Whitehead at his house, and he admitted assaulting the victim. A rape kit administered to the victim revealed the presence of Whitehead's DNA.

{¶ 7} Defense counsel began by informing the trial court that he was objecting to "the Reagan Tokes law, for the record, should that come up." Defense counsel told the court that "[t]here's obviously no mitigating this crime. It's one of

the worst forms of the offense." But defense counsel explained that Whitehead took responsibility for his actions. Defense counsel further explained that Whitehead was sexually abused as a child and experienced massive trauma in his life, including the fact that his father murdered his uncle. Whitehead had also been diagnosed with schizophrenia (but was found to be competent to testify and sane at the time of the act). Whitehead apologized to the victim and the victim's family.

{¶ 8} The trial court noted "the defense's objection to Reagan Tokes." It stated that in determining what sentence to impose, it considered "the overriding principles and purposes of felony sentencing," which it explained "are to protect the public from future crime by the defendant or others and to punish the offender using the minimum sanctions that the court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources." It further explained that "[t]o achieve these purposes," it considered "the need for incapacitation, deterrence, rehabilitation, and providing for restitution" and the relevant sentencing provisions under R.C. 2929.11, 2929.12, 2929.13, and 2929.19.

{¶ 9} The trial court explained:

> Mr. Whitehead, you are certainly every parent's nightmare. You are society's nightmare. You literally snatched this young boy, on a spring day, off the streets. It's just evil. There's no other word for this. In my almost 30 years in criminal justice, this is one of the worst cases I've ever heard of. Your rough childhood does not excuse your behavior. The only reason you're not spending perhaps the rest of your life in prison is because you took some responsibility.

{¶ 10} The trial court stated that it was sentencing Whitehead to 11 years for Count 1, rape; 3 years for Count 2, gross sexual imposition; 11 years for Count 3,

rape; 3 years for Count 4, gross sexual imposition; 11 years for Count 5, kidnapping; 11 years for Count 6, kidnapping; 18 months for Count 7, disseminating matter harmful to juveniles; and 8 years for Count 8, illegal use of a minor in nudity-oriented material or performance. The trial court ordered that Counts 1, 2, 4, 5, and 8 shall run consecutive to one another and all remaining counts run concurrent to Count 1, for a total sentence of 36 years in prison.

{¶ 11} The trial court made the required findings on the record to impose consecutive sentences. It stated:

> The Court finds it is necessary to punish the offender, certainly protect the public from future crime, and is not disproportionate to the seriousness of the conduct and the danger posed by the defendant; that one or more offenses were committed while offender was awaiting trial or community control sanctions or post-release control; that two or more offenses are part of one or more course[s] of conduct; and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct. Offender's criminal history demonstrates that consecutive sentences are necessary to protect the public.

{¶ 12} The trial court notified Whitehead that he would be subject to five years of postrelease control upon his release from prison. The court waived court costs and fines. The trial court did not mention merger, and mentioned the Reagan Tokes Act only to note Whitehead's objection to it.

{¶ 13} In the sentencing entry, the trial court explained that the sentence imposed upon Whitehead "is an indefinite sentence under SB 201 — the Reagan-Tokes law." The trial court imposed the same 36-year sentence but also noted that

36 years was Whitehead's minimum sentence and that the maximum amount of prison time he could receive was 41.5 years.

{¶ 14} The trial court did not mention merger in the sentencing entry and imposed 11 years for each count of kidnapping. The trial court further ordered, "Counts 1, 2, 4, 5, and 8 to run consecutive to each other. All other counts to run concurrent to each other and concurrent to Counts 1, 2, 4, 5, and 8." It also stated, "5 years mandatory postrelease control" for Counts 1, 2, 3, 4, 5, 6, 7, and 8. The trial court advised Whitehead that he would be classified as a Tier III sex offender for Counts 1, 3, 5, and 6, and a Tier II sex offender for Counts 2, 4, and 8. It is from this judgment that Whitehead appeals.

## II. Allied Offenses

{¶ 15} In his first assignment of error, Whitehead argues that the trial court erred by not addressing the issue of allied offenses of similar import at the sentencing hearing. He argues that the following offenses should have merged: (1) the two kidnapping counts, (2) rape and kidnapping, and (3) rape and gross sexual imposition.

{¶ 16} At his plea hearing, the trial court asked the parties about merger. The state told the trial court, "[I]t's my understanding, we would agree that the two kidnapping counts would merge, but I believe the other ones can be stacked." The trial court stated that it would determine the maximum sentence that Whitehead could receive without merger and "then we can talk about merger." After discussing the repeat violent offender specifications, the trial court stated:

Now, what everybody is talking about, Mr. Whitehead, is merger. What your counsel is going to argue to the court and what the state is stipulating or agreeing to is that the kidnappings would merge. While you're pleading to two separate offenses, when it comes time for sentencing, they're going to elect to have you sentenced under only one of them. So that 63 and a half year sentence is going to be reduced down by 11 years potential. So then, obviously, that would be 52 and a half years of potential penalty.

{¶ 17} The trial court asked Whitehead if he understood, and Whitehead replied that he did. That is all that was said about merger at the plea hearing.

{¶ 18} After review, we agree with the state that as part of the plea negotiations, the parties agreed that only the kidnapping counts would merge and not any of the other offenses. Although the trial court did not specifically ask Whitehead or his counsel if that is what they understood the plea agreement to be, the trial court did ask Whitehead if he understood its explanation regarding merger. Whitehead replied that he did, and Whitehead's counsel never objected to the state's explanation of the plea agreement.

{¶ 19} However, no one mentioned merger at the sentencing hearing — not the trial court, the state, or Whitehead, nor is merger mentioned in the sentencing entry. Moreover, the trial court imposed an 11-year sentence for each kidnapping count. Although it ordered one of the kidnapping counts to be served concurrent to all other counts, Whitehead was still "prejudiced by having more convictions than are authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31.

{¶ 20} We therefore sustain Whitehead's first assignment of error in part with respect to merger of the kidnapping counts, but we overrule it in part with respect to his remaining arguments. Upon remand, the trial court shall merge Whitehead's kidnapping counts and permit the state to elect on which count Whitehead should be sentenced. The counts are under different subsections of the statute, R.C. 2905.01(A)(2) and (A)(4), and Count 6 contains one more specification than Count 5.

## III. Consecutive Sentences

{¶ 21} In his second assignment of error, Whitehead argues that his "36-year sentence is contrary to law because the record does not clearly and convincingly support the trial court's decision to impose consecutive, rather than concurrent, terms of incarceration."

{¶ 22} R.C. 2953.08(G)(2) states that when reviewing felony sentences, an "appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 23} The Ohio Supreme Court has explained that when reviewing the imposition of consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to

modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 24} R.C. 2929.14(C)(4) requires trial courts to engage in a three-tier analysis before imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 25} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). But "a word-for-word recitation of the language" of

the statute is not required. *Bonnell* at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 26} Whitehead does not argue that the trial court failed to make the consecutive-sentence findings, and for good reason because it clearly did. He argues only that the record does not support consecutive sentences. After reviewing the record, we disagree. Whitehead abducted an 11-year-old victim riding a skateboard, took the victim to Whitehead's home, and digitally raped, fondled, and performed oral sex on the victim. Whitehead also showed the victim pornographic material and recorded the entire sexual assault with his cell phone.

{¶ 27} Specifically, Whitehead argues that the record does not support the trial court's findings that he was "awaiting trial or on probation or postrelease control at the time of the offenses" under R.C. 2929.14(C)(4)(a) or that his "criminal history demonstrates that consecutive sentences are necessary to protect the public" under R.C. 2929.14(C)(4)(c). While Whitehead is correct that the record does not support trial court's finding with respect to R.C. 2929.14(C)(4)(a), Whitehead does have a prior violent-felony offense: robbery with a firearm. This establishes a "history" of violence. *See State v. Jessen*, 3d Dist. Auglaize No. 2-18-16, 2019-Ohio-907, ¶ 17 (one previous offense of violence is sufficient to establish a history of criminal conduct under R.C. 2929.14(C)(4)(c)).

**{¶ 28}** Further, even if we assume for the sake of argument that one prior violent-felony offense does not establish a history of criminal conduct (although it clearly does), the trial court also found that "two or more offenses are part of one or more course[s] of conduct; and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct" under R.C. 2929.14(C)(4)(b). There is no question that this finding is supported by the record due to the multiple sex offenses that Whitehead committed against the young victim. Because the trial court is required to find that only one of the three factors under R.C. 2929.14(C)(4)(a), (b), or (c) applies, we find that the record supports the trial court's imposition of consecutive sentences.

**{¶ 29}** Accordingly, we overrule Whitehead's second assignment of error.

## IV. R.C. 2929.11 and 2929.12

**{¶ 30}** In his third assignment of error, Whitehead contends that "the trial court failed to properly consider and weigh" the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under 2929.12. Because of that, he claims that his sentences are contrary to law.

**{¶ 31}** R.C. 2929.11(A) states that when sentencing an offender for a felony, the trial court shall be guided by the overriding purposes of felony sentencing, which are (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

To achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶ 32} In determining the sentence to impose, a sentencing court is required to consider the purposes and principles of sentencing pursuant to R.C. 2929.11 and 2929.12. *State v. Boczek*, 8th Dist. Cuyahoga No. 103811, 2016-Ohio-5708, ¶ 21. R.C. 2929.11(B) requires the court to impose a sentence that "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing[.]" Further, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and be "consistent with sentences imposed for similar crimes committed by similar offenders." *Id.*

{¶ 33} R.C. 2929.12 sets forth a nonexhaustive list of factors that the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D).

{¶ 34} However, the trial court is not required to use particular language or make specific findings on the record regarding its consideration of the factors under R.C. 2929.11 or 2929.12 before imposing the sentence. *Boczek* at ¶ 22, citing *State*

*v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. In fact, "[c]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234. Further, "this court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Wright*, 8th Dist. Cuyahoga No. 100283, 2014-Ohio-3321. The Ohio Supreme Court recently reaffirmed this holding in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 20.

{¶ 35} Before imposing Whitehead's sentence, the trial court stated that it considered the purposes and principles of felony sentencing and the relevant sentencing provisions under R.C. 2929.11, 2929.12, 2929.13, and 2929.19. The trial court also stated in the sentencing entry that it considered "all required factors of the law." Because the trial court was not required to make findings on the record, we find that the trial court's statements alone were sufficient to establish that it considered the relevant sentencing factors under R.C. 2929.11 and 2929.12.

{¶ 36} The trial court also explained some of the sentencing factors it considered, stating that Whitehead was "society's nightmare," that what he did was "evil," and that in almost 30 years of experience "in criminal justice, this [was] one of the worst cases" it had seen.

{¶ 37} Whitehead contends that the trial court failed to take into consideration "significant mitigation presented to the court," including the fact that he accepted responsibility for his actions, suffers from schizophrenia, and experienced extreme trauma as a child. Whitehead's counsel included each of these mitigating factors in his statements to the court. There is nothing in the record to establish that the trial court did not consider the mitigating factors. Indeed, the trial court mentioned the fact that Whitehead took responsibility for his actions and that his "rough childhood does not excuse" his behavior.

{¶ 38} Accordingly, we overrule Whitehead's third assignment of error.

## V. Sentencing Entry Different Than Sentencing Hearing

{¶ 39} In his fourth assignment of error, Whitehead argues that the trial court erred when it issued a sentencing entry that imposed a different sentence than the one announced at the sentencing hearing. Specifically, Whitehead maintains because the trial court did not sentence him to an indefinite sentence under the Reagan Tokes Act at the sentencing hearing, but did so in the sentencing entry, this court should "direct the trial court to issue a nunc pro tunc entry that corrects the sentencing entry by removing the portion that imposes an indefinite sentence."

{¶ 40} The General Assembly enacted the Reagan Tokes Act in Am.Sub.S.B. No. 201, which went into effect on March 22, 2019. The Reagan Tokes Act applies to "qualifying felonies," which are felonies "of the first or second degree committed on or after March 22, 2019." R.C. 2929.144(A). The act requires a sentencing court that is imposing a prison term for "qualifying felonies of the first or second degree"

to impose an indefinite prison term for those offenses. It further specifies that these indefinite terms will consist of a stated minimum term selected by the sentencing judge from the range of basic prison terms set forth in R.C. 2929.14(A) "and a maximum term that is determined" by formulas provided in R.C. 2929.144. Whitehead committed the acts in the case in May 2019, and thus, the Reagan Tokes Act applies to his first- and second-degree felonies.

{¶ 41} Under the Reagan Tokes Act, there is a presumption that an offender will be released from prison after the offender has served the minimum prison term (or aggregate minimum if a trial court imposes consecutive sentences on multiple offenses). R.C. 2967.271(B). However, the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut this presumption and keep the offender in prison if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the ODRC rebuts the presumption, it may keep the offender in prison for an additional "reasonable period," but the additional time "shall not exceed the offender's maximum prison term." *Id.*

{¶ 42} Whitehead pleaded guilty to multiple qualifying felonies and trial court imposed consecutive sentences. Therefore, Whitehead's sentence falls under R.C. 2929.144(B)(2), which states:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms

of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty [percent] of the longest minimum term or definite term for the most serious felony being sentenced.

{¶ 43} As relevant to this case, R.C. 2929.19(B)(2)(c) states that the trial court is required to inform an offender the following relevant notifications about the offender's indefinite sentence at the sentencing hearing:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 44} R.C. 2929.144(C) further mandates that the trial court impose the "maximum term at sentencing as part of the sentence it imposes" under R.C. 2929.14 and shall state the minimum and maximum prison terms in the sentencing entry.

{¶ 45} Besides noting Whitehead's objection to the Reagan Tokes Act being applied to his sentence, the trial court failed to mention the act again at the sentencing hearing. The trial court also improperly told Whitehead at the sentencing hearing that his "total sentence" was 36 years in prison without informing Whitehead that 36 years would be the minimum amount of time he would spend in prison and without calculating Whitehead's maximum prison term or informing him of the maximum prison term. It is not sufficient to simply include this information in the sentencing entry. R.C. 2929.144(C). The trial court also failed to inform Whitehead of any of the other required notifications set forth in R.C. 2929.19(B)(2)(c).

{¶ 46} Accordingly, we find merit to Whitehead's fourth assignment of error. However, we will not order the trial court to issue a nunc pro tunc entry imposing the 36-year prison sentence that it imposed at the sentencing hearing as Whitehead requests. Rather, we remand for resentencing and instruct the trial court to comply with the requirements of the Reagan Tokes Act.

{¶ 47} We sustain Whitehead's fourth assignment of error.

**{¶ 48}** Judgment affirmed in part, reversed in part, and remanded. Upon remand, the trial court is instructed to merge Whitehead's kidnapping counts and comply with the mandates of the Reagan Tokes Act.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
LARRY A. JONES, SR., J., CONCURS WITH SEPARATE OPINION


LARRY A. JONES, SR., J., CONCURRING:

**{¶ 49}** I concur with the majority opinion, but write separately as to the fourth assignment of error.

**{¶ 50}** At the sentencing hearing, the trial court did not sentence Whitehead under the Reagan Tokes Act. The sentencing entry did, however. In his fourth assignment of error, Whitehead contends that because the trial court did not sentence him to an indefinite sentence under the act at the sentencing hearing, the sentencing entry should be corrected via a nunc pro tunc entry to remove the

indefinite sentence. I agree with the majority that it was "not sufficient to simply include this information in the sentencing entry." Majority opinion at ¶ 45. But I disagree with the majority's order to remand the case so that the trial court can comply with the requirements of the Reagan Tokes Act.

{¶ 51} In my view, the act is unconstitutional. Specifically, I believe it is unconstitutional for the Ohio Department of Rehabilitation and Correction ("DRC"), an executive branch of the government, to solely determine whether additional prison time should be imposed on a defendant. Allowing that, in my opinion, violates (1) a defendant's right to a jury trial; (2) the doctrine of separation of powers; and (3) a defendant's right to due process.

{¶ 52} In light of the above, I would remand the case to the trial court to issue a nunc pro tunc entry reflecting what occurred at the sentencing hearing, that is, an entry without an indefinite sentence under the Reagan Tokes Act.